# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FORREST LEE JONES, | ) | 1:06-CV-00539 AWI SMS HC |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING FIRST AMENDED PETITION |
| | ) | [Doc. #7] |
| JEANNE S. WOODFORD, | ) | |
| Respondent, | ) | |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On May 4, 2006, Petitioner filed a habeas petition in this Court. On June 19, 2006, this Court issued an order directing Respondent to file a response.[1]

On June 28, 2006, Petitioner filed a first amended petition. The first amended petition is duplicative of the original petition with one exception. In the first amended petition, Petitioner adds a new ground for relief. This additional ground challenges the underlying 1995 conviction for first

---

[1] By separate order, the order directing Respondent to file a responsive pleading has been stayed.

degree burglary. Petitioner complains that his sentence for the underlying conviction in this case violated the plea agreement in a 1991 conviction for two counts of first degree burglary by utilizing the convictions as two strikes under California's Three Strikes law. However, the rest of the petition, like the original petition, challenges the denial of worktime credits against his sentence by the California Department of Corrections.

The underlying conviction was the subject of a habeas petition previously filed by Petitioner in this Court. See Jones v. Hubbard, CIV F 97 5787 REC DLB P. The petition was denied on the merits on April 26, 1999. A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), cert. denied, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has

obtained prior leave from the Ninth Circuit to file his successive petition attacking the 1995 conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the claim. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed with the claim, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3). In addition, because the instant petition centers on a denial of worktime credits and not the underlying conviction, he must raise the claim in a separate action.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Ground Two, which concerns the underlying conviction, be DISMISSED as successive.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 6, 2006**              /s/ Sandra M. Snyder
icido3                                         UNITED STATES MAGISTRATE JUDGE